**NOT FOR PUBLICATION IN WEST'S HAWAI‘I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000590
18-AUG-2022
07:51 AM
Dkt. 58 SO**

NO. CAAP-18-0000590

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I

RAYMOND V. RAMES, Claimant-Appellant-Appellant,
v.
STARWOOD HOTELS AND RESORTS WORLDWIDE, INC.,
Employer-Appellee-Appellee,
and
SEDGWICK CMS – HAWAII,
Insurance Carrier-Appellee-Appellee

APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(CASE NO. AB 2015-055(K)(S))

**SUMMARY DISPOSITION ORDER**
(By: Ginoza, Chief Judge, Hiraoka and Wadsworth, JJ.)

Self-represented Claimant-Appellant-Appellant Raymond V. **Rames** appeals from the "Order Denying Claimant's Motion for Temporary Remand" entered by the Labor and Industrial Relations Appeals Board (**LIRAB**) on June 19, 2018.[1]  For the reasons explained below, we affirm.

On **September 14, 2007**, Rames was injured while working for Employer-Appellee-Appellee **Starwood** Hotels and Resorts Worldwide, Inc.  He received workers compensation benefits from Starwood.  His health care provider returned him to full duty status with no limitations on May 26, 2008.

---

[1]  The June 19, 2018 order was interlocutory, but became eligible for appellate review when LIRAB entered its June 26, 2018 "Decision and Order[.]" See Order Denying October 4, 2018 Motion to Dismiss Appeal for Lack of Appellate Jurisdiction (Dec. 11, 2018).

Rames was also injured on September 6, 2008, while working for Starwood. The State of Hawaiʻi Department of Labor and Industrial Relations Disability Compensation Division (**DCD**) found that Rames sustained a new injury on September 6, 2008, and denied Rames' request to reopen the claim for his September 14, 2007 injury.

The record indicates that Rames was also injured while working on March 24, 2008, and on April 18, 2010; the record does not indicate whether Rames received workers compensation benefits for either injury.

On November 9, 2012, the Family Court of the Fifth Circuit issued a garnishee order to Starwood for funds owed to Rames to satisfy a judgment for unpaid child support. On January 23, 2015, DCD ordered that Starwood comply with the garnishee order.[2] Rames appealed.[3] On May 3, 2017, LIRAB issued an order stating that "[t]he sole issue to be determined is . . . [w]hether [Starwood] shall comply with the Garnishee Order[.]"

On November 24, 2017, Rames applied to DCD for a hearing on "whether I am permanently totally disabled as a result of injuries caused by my work accidents which occurred on 9/14/2007, 3/24/2008, 9/6/2008, and 4/18/2010." By letter dated April 24, 2018, Rames asked DCD to set a hearing on his November 24, 2017 request. By letter dated April 27, 2018, DCD informed Rames that it was unable to set a hearing because his case was on appeal to LIRAB.

By letter dated May 23, 2018, Rames asked LIRAB to remand his case "to Kauai DCD Office[.]" No reason was given for the requested remand. LIRAB issued the "Order Denying Claimant's Motion for Temporary Remand" on June 19, 2018.

---

[2]     An amended decision was issued on January 28, 2015, to correct the name of Starwood's insurance carrier.

[3]     It appears that Starwood satisfied the garnishee order because a release of garnishee was filed in the family court on July 13, 2015. Starwood's counsel explained that Starwood paid the garnishee order because there was no stay of the DCD's January 23, 2015 decision.

On June 26, 2018, LIRAB issued a "Decision and Order" affirming the DCD's January 23, 2015 decision ordering that Starwood comply with the garnishee summons.

This appeal followed.[4]

"Appellate review of a LIRAB decision is governed by HRS [Hawaii Revised Statutes] § 91-14(g)." Botelho v. Atlas Recycling Ctr., 146 Hawaiʻi 435, 442, 463 P.3d 1092, 1099 (2020) (cleaned up). HRS § 91-14(g) (2012 & Supp. 2016) provides:

> Upon review of the record the court may affirm the decision of the agency or remand the case with instructions for further proceedings; or it may reverse or modify the decision and order if the substantial rights of the petitioners may have been prejudiced because the administrative findings, conclusions, decisions, or orders are:
>
> (1)   In violation of constitutional or statutory provisions;
>
> (2)   In excess of the statutory authority or jurisdiction of the agency;
>
> (3)   Made upon unlawful procedure;
>
> (4)   Affected by other error of law;
>
> (5)   Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
>
> (6)   Arbitrary, or capricious, or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Rames challenges the June 19, 2018 order denying his request for a remand to DCD. Hawaii Administrative Rules § 12-47-24(a) applies to remands. It provides:

> [LIRAB] **may** issue an order remanding any proceeding:
>
> (1)   For determination of an issue not decided by the [DCD]; or

---

[4]     Rames's opening brief does not comply with Rule 28(b) of the Hawaiʻi Rules of Appellate Procedure. Nevertheless, the Hawaiʻi Supreme Court instructs that to promote access to justice, pleadings prepared by self-represented litigants should be interpreted liberally, and self-represented litigants should not automatically be foreclosed from appellate review because they fail to comply with court rules. Erum v. Llego, 147 Hawaiʻi 368, 380-81, 465 P.3d 815, 827-28 (2020).

> (2)  For such other action by the [DCD] as may serve the interests of the just, speedy, and inexpensive determination of the appeal.

(Emphasis added.)  Accordingly, we review LIRAB's order for abuse of discretion.  Our review is also "qualified by the principle that the agency's decision carries a presumption of validity and appellant has the heavy burden of making a convincing showing that the decision is invalid[.]"  <u>Keep the N. Shore Country v. Bd. of Land & Nat. Res.</u>, 150 Hawaiʻi 486, 503, 506 P.3d 150, 167 (2022) (citations omitted).

Rames contends that LIRAB should have remanded the case concerning Rames's September 14, 2007 injury to DCD "to coreect [sic] changes in Rames [sic] physical condition such as may be shown by his doctor's recent medical report, which would demonstrate that he is now permanently and totally disabled." The only authority cited by Rames is HRS § 386-89,[5] which gives

---

[5]  HRS § 386-89 (2015) provides:

**Reopening of cases; continuing jurisdiction of director.**

(a)  In the absence of an appeal and within twenty days after a copy of the decision has been sent to each party, the director of labor and industrial relations may upon the director's own motion or upon the application of any party reopen a case to permit the introduction of newly discovered evidence, and may render a revised decision.

(b)  The director may at any time, either of the director's own motion or upon the application of any party, reopen any case on the ground that fraud has been practiced on the director or on any party and render such decision as is proper under the circumstances.

(c)  On the application of any party in interest, supported by a showing of substantial evidence, on the ground of a change in or of a mistake in a determination of fact related to the physical condition of the injured employee, the director may, at any time prior to eight years after date of the last payment of compensation, whether or not a decision awarding compensation has been issued, or at any time prior to eight years after the rejection of a claim, review a compensation case and issue a decision which may award, terminate, continue, reinstate, increase, or decrease compensation.  No compensation case may be reviewed oftener than once in six months and no case in which a claim has been rejected shall be reviewed more than once if on such review the claim is again rejected.  The decision shall not affect any compensation previously paid, except that an increase of the compensation may be made effective from the

(continued...)

the director of labor and industrial relations authority to reopen a workers compensation case under certain conditions, and subject to certain limitations. The issue Rames sought to remand — whether his temporary total disabiltiy rating should be converted to a permanent total disability rating — was not before LIRAB in Rames's appeal from the DCD's order that Starwood comply with the garnishee summons. Under these circumstances we cannot conclude that LIRAB abused its discretion by denying Rames's request for a remand.[6]

For the foregoing reasons, we affirm LIRAB's "Order Denying Claimant's Motion for Temporary Remand" entered on June 19, 2018.

DATED:  Honolulu, Hawaiʻi, August 18, 2022.

On the briefs:

Raymond V. Rames,
Self-represented Claimant-
Appellant-Appellant.

Scott G. Leong,
Shawn L.M. Benton,
Christine J. Kim,
for Employer/Insurance Carrier-
Appellee-Appellee Starwood Hotels
and Resorts Worldwide, Inc. and
Sedgwick CMS - Hawaii.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge

---

[5] (...continued)
date of the injury, and if any part of the compensation due or to become due is unpaid, a decrease of the compensation may be made effective from the date of the injury, and any payment made prior thereto in excess of such decreased compensation shall be deducted from any unpaid compensation in such manner and by such method as may be determined by the director. In the event any such decision increases the compensation in a case where the employee has received damages from a third party pursuant to section 386-8 in excess of compensation previously awarded, the amount of such excess shall constitute a pro tanto satisfaction of the amount of the additional compensation awarded. This subsection shall not apply when the employer's liability for compensation has been discharged in whole by the payment of a lump sum in accordance with section 386-54 [(concerning commutation of periodic payments)].

[6] We express no opinion about whether Rames is entitled to reopen the DCD proceeding for his 2007 work injury claim under HRS § 386-89.